**Petition for Naturalization of Werner Jurg FLEISCHMANN.**

United States District Court
S. D. New York.
May 16, 1956.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Samuel J. Silverman, New York City, Francis P. McQuade, Hempstead, N. Y., of counsel, for petitioner.

DIMOCK, District Judge.

On August 2, 1942, petitioner, a citizen of Switzerland, who had been admitted to the United States for permanent residence, was called up under the Selective Training and Service Act of 1940. He signed D.S.S. Form 301 containing the words "I do hereby make application to be relieved from liability for training and service in the land or naval forces of the United States, under the Selective Training and Service Act of 1940, as amended,[1] in accordance with the Act of Congress, approved December 20, 1941. I understand that the making of this application to be relieved from such liability will debar me from becoming a citizen of the United States. I have not [the last two words are in petitioner's handwriting] filed a declaration of intention to become a citizen of the United States." He now petitions for naturalization alleging that "he filled out D.S.S. Form 301 under legal duress and consequently should not be debarred from naturalization by reason of Section 315

1. Now 50 U.S.C.A.Appendix, § 451 et seq.

(a) of the Immigration and Nationality Act of 1952." That section provides:

"Notwithstanding the provisions of section 405(b) of this Act, any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States." 8 U.S.C.A. § 1426(a).

The basis for the claim of duress is that petitioner was, like all Swiss citizens under forty years of age, under active duty as a soldier of the Swiss Army and subject to court martial and imprisonment if he violated Article 94 of the Swiss Federal Military Penal Code of 1927 which provides: "Any citizen who, without the permission of the Federal Council enters foreign military service shall be punished by imprisonment."

As the Supreme Court remarked in Moser v. United States, 341 U.S. 41, 46, 71 S.Ct. 553, 556, 95 L.Ed. 729, "petitioner had a choice of exemption and no citizenship, or no exemption and citizenship." He tells us now that he was forced into choosing "exemption" and argues that he is therefore eligible for citizenship as though he had chosen "no exemption". The proposition seems to me to be a non sequitur. Even if it were clear that petitioner was forced into claiming the benefit of exemption it is hard for me to see why that should relieve him from its burdens. The Moser case is not in point. There the Supreme Court held that, since our State Department had apparently acquiesced in the alien's claim of right to exemption without debarment from citizenship, it was not made clear to him that the claim of exemption would result in disqualification for citizenship. There was a finding that if that had been made clear he would not have claimed exemption. Here the D.S.S. Form 301 which petitioner signed made the consequences inescapably clear, although he says that he never really thought about the question due to the fact that he felt he had no choice in the matter. He makes no claim that, if he had realized that signing the form meant disqualification for citizenship, he would have refused. In 1942, when he signed the claim for exemption, petitioner was twenty-two years old, had graduated from college both in Switzerland and England and had obtained in the latter college a certificate in modern languages. In a case like this where such a man has had the benefit of the bargain set forth in the paper that he signed he should not now be permitted to escape its burdens by saying that he did not comprehend what he was signing.

While I doubt that I would follow Petition of Kutay, D.C.S.D.Cal., 121 F. Supp. 537, cited by petitioner, I am not faced with that question. There the petitioner was a Turkish student here under contract with the Turkish government. The court, in relieving him from being debarred from citizenship because of having claimed exemption at the direction of the Turkish Consul, said, at page 542, "Petitioner was in a position somewhat like that of guardian and ward, his position being analogous to that of ward, the Government of Turkey to that of guardian. Wards do not have a freedom of choice except as the guardian allows it."

Petitioner, an alien permanently resident in this country in time of war and under no form of guardianship, was given the opportunity to preserve his right to become a citizen by submitting to induction in our army. He refused to do so and lived here in safety while other resident aliens fought the battles of the country that sheltered him. The fact that he felt that he was forced to make that pleasant choice affords no reason why he should be treated like the resident aliens who fought for him.

Petition denied.